UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARINE CAPTAIN, INC.,<br>　　　　　　　　　　Plaintiff,<br>　　　　v.<br>COSCO SHIPPING LINES CO., LTD.*,*<br>　　　　　　　　　　Defendant. | Case No.: 21-cv-8267<br><br>**IN ADMIRALTY**<br><br>**COMPLAINT** |

　　　　Plaintiff Marine Captain, Inc., for its Complaint against Defendant COSCO Shipping Lines Co. Ltd., alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

　　　　1.　　This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has original jurisdiction over Plaintiff's claims sounding in admiralty for loss or damage to cargo pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, *et seq*. ("COGSA"), as described more fully below.

　　　　2.　　Plaintiff, Marine Captain, Inc. ("Plaintiff" or "Marine Captain"), is a corporation organized and existing under the laws of the state of Illinois, with its principal business office located in Chicago, Illinois, and is the owner or duly authorized representative of the owners of cargo shipped transported with Defendant COSCO Shipping Lines Co. Ltd.

　　　　3.　　On information and belief, Defendant COSCO Shipping Lines Co. Ltd. ("Defendant" or "COSCO"), is a Chinese international container transportation and shipping company based in Shanghai, China.

　　　　4.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant engaged in business as a common carrier of food products, for which a through ocean bill of lading was issued. The Terms and Conditions of Defendant's bill of lading specifies that for

carriage to or from the United States of America, suit shall be filed exclusively in the United States District Court for the Southern District of New York.

**FACTUAL BACKGROUND AND CLAIM FOR RELIEF:
CARRIER LIABILITY PURSUANT TO
THE CARRIAGE OF GOODS BY SEA ACT
(46 U.S.C. § 30704)**

5.  Plaintiff reasserts and re-alleges Paragraphs 1 through 4 as though fully set forth herein.

6.  Plaintiff Marine Captain was the owner of a shipment of frozen cod loins (the "Cargo"), described in the commercial invoice, a copy of which is attached hereto as Exhibit A. The Cargo was being transported from Dalian, China to Chicago, Illinois, pursuant to the bill of lading issued by Defendant, a copy of which is attached hereto as Exhibit B.

7.  This is an action to recover damages under 46 U.S.C. § 30704 for loss or damage arising from negligence or fault in loading, stowage, custody and/or care of the Cargo.

8.  On or about September 3, 2020, a container sailed from the Port of Dalian, China that contained 4,000 ten-pound cartons, or 40,000 pounds, of frozen cod loins. The Cargo, which was in good condition and properly packaged for shipment, was to be transported at -18° Celsius. It was to be delivered to Chicago, Illinois.

9.  The Cargo arrived in Long Beach, California on or about October 7, 2020, and was then transported via rail on BNSF Railway on or about October 22, 2020, arriving in Elwood, Illinois on or about November 1, 2020. The trucking company hired to dray the container to Chicago, Illinois found that the generator set, which regulated the temperature of the container holding the Cargo, required repair. The repair was made, and the container was drayed on or about November 6, 2020, to Chicago, Illinois.

10. On or about November 9, 2020, the container was opened to reveal a foul odor. Further inspection revealed that the Cargo was freezer burnt, dull in color, and frozen in clumps.

An independent marine surveyor determined that the Cargo had thawed and re-frozen and was therefore spoiled and could not be consumed without presenting a substantial risk of harm to human health. The Cargo was disposed of due to its unsuitability for human consumption.

11. As a result of Defendant's improper handling of the Cargo, Plaintiff has been damaged in an amount to be proven at trial, but at least $163,339.31, which represents the invoice value of the Cargo and related survey expenses, as well as additional handling and storage expenses subject to proof. In addition, Plaintiff seeks pre-judgment interest from November 9, 2020, the date of the first formal notice of claim presented to Defendant.

12. Plaintiff complied with the terms of the bill of lading governing shipment of the above-described Cargo in giving notice of, and filing a timely written claim for, the amount of its loss by correspondence dated November 9, 2020, and thereafter. However, to date, Defendant has refused to pay the claim.

WHEREFORE, Plaintiff requests:

1. Judgment against Defendant in the amount of $163,339.31 with interest on such amount as allowed by law from the date of demand, until paid;

2. Costs of suit; and,

3. Such other and further relief as the Court deems just and proper.

Dated: October 7, 2021

TRESSLER LLP

By: _____
Courtney E. Scott
One Penn Plaza, Suite 4701
New York, New York 10119
Tel: (646) 833-0900
cscott@tresslerllp.com

*Counsel for Plaintiff Marine Captain, Inc.*